UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED MUSAID,

        Petitioner,

-against-

MICHAEL KIRKPATRICK, SUPERINTENDENT OF
CLINTON CORRECTIONAL FACILITY,

        Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2023

19 Civ. 7944 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

    On August 23, 2019, Petitioner, Mohamed Musaid, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Pet., ECF No. 1. The Petition raises three grounds for habeas relief: (1) that Musaid "was denied due process when deemed competent based on . . . evaluations [conducted in 2015 pursuant to § 730 of New York's Criminal Procedure Law, N.Y. Crim. Proc. L. § 730]" (the "First Ground"); (2) "that he was denied due process when no further inquiries were made into his competency before or during trial" (the "Second Ground"); and (3) "that he was denied due process and a right to a fair trial when the trial court did not sufficiently inquire into the waiver of his right to present a psychiatric defense" (the "Third Ground") (collectively, the "Three Grounds"). R&R at 88–89, ECF No. 39; *see also* Pet'r Obj. at 1, 3, ECF No. 50. On August 26, 2019, the action was assigned to the Honorable Colleen McMahon. Dkt. Entry 8/26/2019. On October 31, 2019, the case was reassigned to the undersigned. Dkt. Entry 10/31/2019. On that date, the Court ordered Respondent to answer the Petition and referred the Petition to the Honorable Robert W. Lehrburger for a report and recommendation. ECF Nos. 10–11. On March 9, 2020, Respondent filed its answer and

opposition to Musaid's petition. Opp., ECF No. 19; *see also* ECF No. 18. Musaid, represented by counsel,[1] filed a reply on August 30, 2020. Pet'r Reply, ECF No. 25.

Before the Court is Judge Lehrburger's Report and Recommendation (the "R&R"), dated July 20, 2021, which recommends that the Petition be denied. *See generally* R&R. On February 7, 2022, Musaid filed objections to the R&R. Pet'r Obj., ECF No. 50. On February 22, 2022, Respondent filed a response to Musaid's objections. ECF No. 51.

For the reasons stated below, the Court OVERRULES Musaid's objections to the R&R, ADOPTS the R&R's conclusions, and DENIES the Petition.[2]

## DISCUSSION[3]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a

---

[1] On November 4, 2019, Judge Lehrburger granted Musaid's motion for appointment of pro bono counsel. ECF No. 13.
[2] Musaid's request that the Court issue a certificate of appealability ("COA"), Pet'r Obj. at 23–25, is GRANTED. *Infra* Section III.
[3] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 3–94, and, therefore, does not summarize them here.

2

magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

II.     Musaid's Objections

Musaid first argues that the R&R erred in its application of *Wilson v. Sellers*, 138 S. Ct. 1188 (2018), to the Petition. Pet'r Obj. at 4–7. Under *Wilson*, federal courts reviewing habeas petitions look to "the last state court to explain its decision on the merits in a reasoned opinion." *Garcia v. Suffolk Cnty. Dist. Att'y's Off.*, 840 F. App'x 629, 631 (2d Cir. 2021) (citing *Wilson*, 138 S. Ct. at 1192) (cleaned up). "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson*, 138 S. Ct. at 1192. The federal habeas court is required to "train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims[.]" *Id.* at 1191–92 (citations omitted). However, "when the relevant state-court decision on the merits . . . does not come accompanied with those reasons[,]" i.e., the state court issues a summary decision, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* at 1192. The court "should then presume that the unexplained decision adopted the same reasoning." *Id.* "[T]he

3

State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision." *Id.*

Musaid states, "it appears the R&R concluded the [New York Supreme Court, Appellate Division (the "Appellate Division")] summarily affirmed the actions of the trial court." Pet'r Obj. at 4. Musaid argues, "the R&R employed a 'look through' analysis" "in its review of the Three Grounds" "by devoting almost all of its discussion to a review of the reasonableness of the actions of the trial court with limited reference to reasonableness of the ruling of the Appellate Division." *Id.* at 5. Musaid contends that the "R&R did not follow the approach mandated by *Wilson*" "by not first looking at the ruling of the Appellate Division," because the Appellate Division "explained its reasons for denying each of the Three Grounds on the merits[.]" *Id.* at 5–7. The Court shall review Musaid's general objection objection to the R&R's "approach" to reviewing the Petition for clear error. *Wallace*, 2014 WL 2854631, at *1.

The relevant procedural history is as follows. In February 2016, a jury found Musaid guilty of murder in the second degree and criminal possession of a weapon in the second degree. R&R at 2, 70–84. On April 12, 2016, Musaid was sentenced to consecutive terms of twenty-five years to life and five years. *Id.* at 84–86. In June 2018, Musaid appealed his conviction and sentence to the Appellate Division. R&R at 86. On January 17, 2019, the Appellate Division affirmed the trial court in a "brief decision." *Id.* at 87–88 (citing *People v. Musaid*, 168 A.D.3d 526, 526 (N.Y. App. Div. 1st Dept 2019), *leave to appeal denied*, 33 N.Y.3d 979 (2019)). On the First Ground, the Appellate Division held:

> The [trial] court properly found [Musaid] fit to proceed to trial following [§ 730] examinations. The ultimate expert findings, and [Musaid's] statements, showed that he evinced an understanding of the purpose of a trial, the actors in a trial, their roles, the nature of the charges against him, and the severity of a potential conviction and sentence. Despite [Musaid's] claims of innocence in the face of overwhelming evidence of his guilt, the most recent set of expert reports provided

4

> no indication that he was unable to understand the proceedings and assist in his defense. Although [Musaid] engaged in some conspiratorial thinking, this did not render him unfit in light of his general understanding of the proceedings. The [trial] court reasonably credited experts who found that [Musaid's] psychiatric symptoms had been alleviated by compliance with his medication regimen, thus rendering his past history an unreliable indicator of his present competency.

*Musaid*, 168 A.D.3d 526–27 (cleaned up). On the Second Ground, the Appellate Division "[found] that there was nothing in [Musaid's] behavior during trial that obligated the [trial] court to order yet another examination, sua sponte." *Id.* at 527. On the Third Ground, the Appellate Division decided:

> Having found [Musaid] competent to stand trial, the [trial] court properly permitted him to decline to assert an insanity defense. The [trial] court was not required to conduct an inquiry analogous to the procedure for accepting a defendant's waiver of the right to counsel. In any event, the [trial] court fully informed [Musaid] of his right to raise the affirmative defense of mental disease or defect and [he] knowingly chose not to assert such a defense.

*Id.* (cleaned up).

Musaid's objection misreads the R&R. As to the First and Third Grounds, the R&R correctly considers the Appellate Division's decision, reviews the state court's specific reasons for its decision, and concludes that its reasons were not objectively unreasonable. R&R at 101, 108, 140–41.[4] As to the Second Ground, the R&R looks through the Appellate Division's decision because it "did not address the failure to hold a competency hearing before or after trial and regarding trial itself, [it] said only 'there was nothing in defendant's behavior during trial that obligated the court to order yet another examination, sua sponte.'" *Id.* at 108 (citing *Musaid*, 168 A.D.3d at 527). The R&R reads the Appellate Division's one-sentence affirmance of the trial court's denial of the Second Ground as a summary decision, not an explanatory opinion.

---

[4] Musaid's contention that the R&R erred in "conclud[ing that] the Appellate Division summarily affirmed the actions of the trial court," Pet'r Obj. at 4, contradicts his own briefing in this case. In his reply to Respondent's answer and objection to the Petition, Musaid states that the "Appellate Division's holding . . . *summarily affirmed* the [f]itness [d]ecision and [o]rder" relevant to the First Ground. Pet'r Reply at 39 (emphasis added).

Musaid argues that, because that portion of the Appellate Division's ruling "addressed the merits" of the Petition, Pet'r Obj. at 6, the R&R erred by "look[ing] directly to the trial court's decision-making," R&R at 108 (citing *Wilson*, 138 S. Ct. at 1192).

The Court concludes that the R&R did not clearly err in interpreting the Appellate Division's decision on the Second Ground as a summary decision. *Wilson* differentiates explanatory opinions from summary decisions in passing. In *Wilson*, the Georgia Supreme Court issued a summary decision denying the petitioner's habeas application "without any explanatory opinion." 138 S. Ct. at 1192–93. The *Wilson* Court distinguishes explanatory opinions from summary decisions, which "*may* consist of a one-word order, such as 'affirmed' or 'denied.'" *Id.* at 1192 (emphasis added). In other words, summary decisions are not limited to one-word orders. Therefore, the R&R did not clearly err. *Easley*, 532 U.S. at 242. Accordingly, Musaid's general objection to "the R&R's approach to reviewing the Three Grounds," Pet'r Obj. at 7, is OVERRULED.

Some of Musaid's objections to the R&R blend what appear to be specific objections to the R&R with his general objection to the R&R's "approach" to reviewing the Petition. When scrutinized, these arguments relitigate issues already raised before Judge Lehrburger. This is the case with Musaid's objections related to the R&R's assessment of: (1) the First Ground, Pet'r Obj. at 7–13; Pet'r Reply at 29–41; (2) aspects of the Second Ground, Pet'r Obj. at 17–20; Pet'r Reply at 43–49; and (3) the Third Ground, Pet'r Obj. at 20–23; Pet'r Reply at 49–54. Accordingly, the Court shall not consider these arguments. *Wallace*, 2014 WL 2854631, at *1.

Musaid's attempt to blend other specific objections to the R&R's analysis of the Second Ground with his general objection to the R&R's "approach" fails. Musaid "object[s] to the R&R's analysis and conclusion" as to the Second Ground because, he argues, the R&R should

6

not have looked through the Appellate Division's "merits ruling" on the Second Ground.  Pet'r Obj. at 14.  Musaid contends that the Appellate Division's finding "that there was **nothing** in [Musaid's] behavior during trial that obligated the [trial] court to order yet another examination, sua sponte [sic]" "was unreasonable" and "reflects a wil[l]ful blindness to what is in the record." *Id.* at 13–14.

As discussed above, the R&R did not clearly err in looking through the Appellate Division's decision as to the Second Ground.  Even if it did, and the Appellate Division's decision on the Second Ground were not a summary decision, the Appellate Division's decision as to that ground was not unreasonable under 28 U.S.C. § 2241(d)(1) & (2).  Musaid's objection misinterprets the Appellate Division's decision as holding "that 'nothing' occurred during the trial."  Pet'r Obj. at 15.  The Appellate Division's decision reflects its determination that there were no factual or legal circumstances that required the trial court to *sua sponte* order another competency hearing.  *Musaid*, 168 A.D.3d at 527.  Musaid's reliance on decontextualized instances of his "outbursts" during some periods of the trial is misplaced.  Pet'r Obj. at 15–16.  "[S]ome degree of mental illness cannot be equated with incompetence to stand trial."  *United States v. Nichols*, 56 F.3d 403, 412 (1995) (citation omitted).  Musaid provides no support for his contention that because Musaid had been found incompetent prior to trial, the trial judge was obligated to "act[] with heightened vigilance."  Pet'r Obj. at 15.[5]  It also does not follow that a prior finding of incompetence would render an individual permanently incompetent to stand trial.  Because the Appellate Division's decision is not unreasonable, it is entitled to deference.

---

[5] At the same time, Musaid argues that a trial judge "is not a trained psychotherapist qualified in redirecting the behavior of mentally ill persons."  Pet'r Obj. at 17.  Musaid does not explain how a "reasonable trial judge," who is not a trained mental health professional, "would have acted with heightened vigilance . . . to ensure [that] Musaid had not relapsed by the time trial started."  *Id.* at 15, 17.

*Wilson*, 138 S. Ct. at 1192. Accordingly, Musaid's specific objection to the R&R's conclusion as to the Second Ground is OVERRULED.

Musaid's objections are otherwise conclusory, or restate Musaid's original arguments. *Wallace*, 2014 WL 2854631, at *1; *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Musaid's objections to the R&R and ADOPTS the R&R's conclusions.

### III. Certificate of Appealability

A petitioner may appeal the denial of a § 2254 application only if the district court or the court of appeals issues a COA. 28 U.S.C. § 2253(c). To obtain a COA, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up); *see also Wright v. U. PO*, No. 10 Civ. 5127, 2021 WL 2779451, at *20 (E.D.N.Y. July 2, 2021). Musaid requests that, if the Court denies the Petition, the Court issue a COA. Pet'r Obj. at 25. Because the Court finds that reasonable jurists could debate whether "there has been a substantial showing that the decisions of the Appellate Division[] and the actions of the trial court were in violation of either, or both, of the 'unreasonable application' and 'unreasonable determination' clauses of 28 U.S.C. § 2254(d)(1) & (2)," Pet'r Obj. at 25, Musaid is entitled to a COA.

Accordingly, Musaid's request for a COA is granted.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Musaid's objections to the R&R and ADOPTS the R&R's conclusions. The Petition is DENIED, and Musaid's request for a COA is GRANTED.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 31, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge